## SHELL v. MISSISSIPPI

No. 89–7279. Decided October 29, 1990

PER CURIAM.

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. To the extent that the Mississippi Supreme Court relied on the "especially heinous, atrocious, or cruel" aggravating factor in affirming petitioner's death sentence, its decision is reversed. See *Maynard* v. *Cartwright*, 486 U. S. 356 (1988). Although the trial court in this case used a limiting instruction to define the "especially heinous, atrocious, or cruel" factor, that instruction is not constitutionally sufficient. See *Godfrey* v. *Georgia*, 446 U. S. 420 (1980); *Cartwright* v. *Maynard*, 822 F. 2d 1477, 1489–1491 (CA10 1987) (en banc), aff'd, 486 U. S. 356 (1988). The case is remanded to the Mississippi Supreme Court for further consideration in light of *Clemons* v. *Mississippi*, 494 U. S. 738 (1990).

*It is so ordered.*

1

JUSTICE MARSHALL, concurring.

I concur in the reversal of petitioner's· death sentence. For the benefit of lower courts confronted with the issue raised in this case, I write separately to clarify what I understand the basis of this disposition to be.

Petitioner was convicted of murder and sentenced to death. He appealed his sentence on the ground that the jury had been improperly instructed to consider whether the charged murder was "especially heinous, atrocious or cruel," an aggravating factor that we deemed unconstitutionally vague in *Maynard* v. *Cartwright*, 486 U. S. 356, 361–364 (1988). The Mississippi Supreme Court affirmed. It reasoned that *Maynard* was distinguishable because the trial court in this case limited the "especially heinous, atrocious or cruel" factor in its charge to the jury. The instruction in question provided:

> "[T]he word heinous means extremely wicked or shockingly evil; atrocious means outrageously wicked and vile; and cruel means designed to inflict a high degree of pain with indifference to, or even enjoyment of[,] the suffering of others." 554 So. 2d 887, 905–906 (Miss. 1989).

These definitions, the court held, cured any constitutional deficiency in the underlying "heinous, atrocious or cruel" instruction. *Id.*, at 906.

This conclusion was in error. The trial court in *Maynard* issued a supplemental instruction defining "especially heinous, atrocious or cruel" in terms nearly identical to the "limiting" instruction given in this case:

> "'[T]he term "heinous" means extremely wicked or shockingly evil; "atrocious" means outrageously wicked and vile; "cruel" means pitiless, or designed to inflict a high degree of pain, utter indifference to, or enjoyment of, the sufferings of others.'" *Cartwright* v. *Maynard*, 822 F. 2d 1477, 1488 (CA10 1987) (en banc).

The Tenth Circuit sitting en banc held that this instruction did not cure the constitutional defect in the underlying "heinous, atrocious or cruel" instruction, see *id.*, at 1489–1491, and, in affirming that judgment, this Court implicitly agreed.

The basis for this conclusion is not difficult to discern. Obviously, a limiting instruction can be used to give content to a statutory factor that "is itself too vague to provide any guidance to the sentencer" only if the limiting instruction's own "definitions are constitutionally sufficient," that is, only if the limiting instruction itself "provide[s] *some* guidance to the sentencer." *Walton* v. *Arizona*, 497 U. S. 639, 654 (1990). The trial court's definitions of "heinous" and "atrocious" in this case (and in *Maynard*) clearly fail this test; like "heinous" and "atrocious" themselves, the phrases "extremely wicked or shockingly evil" and "outrageously wicked and vile" could be used by " '[a] person of ordinary sensibility [to] fairly characterize almost *every* murder.' " *Maynard* v. *Cartwright*, *supra*, at 363 (quoting *Godfrey* v. *Georgia*, 446 U. S. 420, 428–429 (1980) (plurality opinion)) (emphasis added). Indeed, there is no meaningful distinction between these latter formulations and the "outrageously or wantonly vile, horrible and inhuman" instruction expressly invalidated in *Godfrey* v. *Georgia*, *supra*.

Nor is it of any consequence that the trial court defined "cruel" in an arguably more concrete fashion than "heinous" or "atrocious." Cf. *Walton* v. *Arizona*, *supra*, at 655 (approving instruction equating "cruel" with infliction of "mental anguish or physical abuse"). "It has long been settled that when a case is submitted to the jury on alternative theories the unconstitutionality of any of the theories requires that the conviction [or verdict] be set aside." *Leary* v. *United States*, 395 U. S. 6, 31–32 (1969); see also *Boyde* v. *California*, 494 U. S. 370, 379–380 (1990) (acknowledging principle in capital sentencing context). Even assuming that the trial court permissibly defined "cruel," the instruction in this case left the jury with *two* constitutionally infirm, alternative

4

bases on which to find that petitioner committed the charged murder in an "especially heinous, atrocious *or* cruel" fashion. See *Bachellar* v. *Maryland*, 397 U. S. 564, 569–571 (1970) (condemning *post hoc* speculation as to which alternative ground informed jury verdict).

There is no legally tenable distinction, in sum, between this case and *Maynard* v. *Cartwright*.