**Willie Leroy JONES # 137742,**
**Petitioner,**

**v.**

**Edward W. MURRAY, Director of the Virginia Department of Corrections, Respondent.**

Civ. A. No. 88–185–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 9, 1992.

See also, 228 Va. 427, 323 S.E.2d 554; 976 F.2d 169; 947 F.2d 1106.

J. Lloyd Snook, III, Charlottesville, Va., Alan W. Clarke, Clarke, Clarke & Burke, Kilmarnock, Va., Gary S. Guzy, Washington, D.C., for petitioner.

Mary Ann Lance, John McLees, Robert B. Condon, Atty. General's Office, Richmond, Va., for respondent.

AMENDED OPINION AND ORDER

CLARKE, District Judge.

On August 20, 1992, the petitioner filed a Motion Pursuant to Rule 60(b) for Relief From Judgment and a Motion for Expedited Hearing or Stay of Execution. An order establishing an expedited briefing schedule was entered. Oral argument was heard on September 8, 1992 beginning at noon. The matter is ripe for decision.

*Procedural History*

Petitioner was convicted on two counts of capital murder on January 28, 1984 in the Circuit Court of York County. In the penalty phase of the trial, the jury found that petitioner's conduct in committing each murder was "outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind or an aggravated battery to the victim." Va. Code Ann. § 19.2–264.2. The jury subsequently sentenced petitioner to death on each count. The trial judge imposed the jury's sentence on March 13, 1984.

Petitioner appealed directly to the Virginia Supreme Court, which affirmed both convictions and sentences in a published opinion. *Jones v. Commonwealth,* 228 Va. 427, 323 S.E.2d 554 (1984). His petition for a writ of certiorari to the United States Supreme Court was subsequently denied. *Jones v. Virginia,* 472 U.S. 1012, 105 S.Ct. 2713, 86 L.Ed.2d 728 (1985).

Petitioner then filed a petition for a writ of habeas corpus in the Circuit Court of York County. The Circuit Court dismissed the majority of petitioner's claims on procedural default grounds in an interlocutory order entered on January 24, 1986. *See* York County Circuit Court File No. 3656, pp. 55–56. An evidentiary hearing was held on the remaining grounds raised by petitioner, which alleged ineffective assistance of counsel and improper exclusion of a potential juror. After the hearing, the Circuit Court issued a 25–page opinion which dismissed the petition in its entirety. *See* York County Circuit Court File No. 3652, pp. 283–306.

Petitioner appealed the dismissal of the petition to the Virginia Supreme Court, which refused the petition for appeal. *Jones v. Bair,* No. 86–1152 (June 15, 1987). Subsequently, the United States Supreme Court denied his petition for a writ of certiorari on November 16, 1987. *Jones v. Bair,* 484 U.S. 959, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987).

Thereafter, petitioner filed a petition for federal habeas corpus relief. The federal district court held that the "vileness" issue raised in the present Rule 60(b) motion was procedurally barred because petitioner had defaulted in state court. *Jones v. Murray,* No. 88–185 (January 4, 1989). The petitioner appealed this decision to the United States Court of Appeals for the Fourth Circuit. That court stated that the claim may not have been procedurally defaulted and chose to address the substance of petitioner's "vileness" claim and rejected it on the merits. *Jones v. Murray,* 947 F.2d 1106, 1116–19 (4th Cir.1991).

Again petitioner petitioned the United States Supreme Court for a writ of certiorari. The petition was denied on April 6, 1992. *Jones v. Murray,* — U.S. ——, 112 S.Ct. 1591, 118 L.Ed.2d 308 (1992). Petitioner's subsequent petition for rehearing was denied on May 26, 1992. *Jones v. Murray,* — U.S. ——, 112 S.Ct. 2295, 119 L.Ed.2d 219 (1992). Petitioner is scheduled to be executed on September 15, 1992 by order of the York County Circuit Court, File No. 3173, entered June 2, 1992.

On August 10, 1992 petitioner renewed his habeas corpus claims as to the vileness standard in the Circuit Court of York County by filing a new habeas corpus petition. After conducting a hearing, that court denied Jones' second petition for habeas corpus as well as his request for a stay of execution. York County Circuit Court, File No. 5623 (August 27, 1992). The Court is advised that an appeal of this decision was noted to the Virginia Supreme Court on September 8, 1992.

*Petitioner's Claim*

Petitioner claims that four recent United States Supreme Court cases require that

his sentence of death be set aside because the "vileness" aggravating factor of Virginia's death penalty statute was unconstitutionally applied to him.

## Discussion

### I. Exhaustion

Exhaustion of habeas corpus remedies in state courts is required by 28 U.S.C. § 2254(b) and (c)[1] before a petitioner can advance a claim to federal court. This Court FINDS that the issue of vileness under the Virginia state statute as applied to the petitioner has been presented to the state and federal courts before. However, this Court further FINDS that the claim presented by the petitioner to this Court under his Federal Rule of Civil Procedure 60(b) motion and to the state circuit court in his habeas corpus petition filed on August 10, 1992 is a new claim. This is the first time at the trial court level that the petitioner asserts that the death penalty sentence be set aside because of four recent U.S. Supreme Court cases.[2]

This Court is advised that the petitioner is presently seeking remedies in the Virginia state court system. As noted above on August 10, 1992 he filed a habeas corpus petition in York County Circuit Court, which was denied on August 27, 1992. The petitioner appealed to the Virginia Supreme Court on September 8, 1992.

■ The Virginia jurisprudence of habeas corpus, as well as the federal jurisprudence of habeas corpus, looks with disfavor on repetitive habeas corpus petitions. However, the petitioner in this case has claimed that there has been a new constitutional mandate and change in the law related to the Virginia vileness statute since the Virginia Supreme Court last considered his petition.[3] In *Hawks v. Cox,* 211 Va. 91, 175 S.E.2d 271, 274 (1970) the Virginia Supreme Court states:

> ... Absent a change of circumstances, previous determination of the issues by either state or federal courts will be conclusive.

> Here, Hawks alleges no new ground for relief. Unlike *Stonebreaker* [*v. Smyth* ], *supra,* 187 Va. 250, 46 S.E.2d 406, he relies on no new constitutional mandate or change in the law. All allegations now made by Hawks having been resolved against him, the previous adjudications are conclusive under § 8–605 and he is entitled to no further relief.

Thus, *Hawks v. Cox* prevents successive petitions that address the same issue in most situations. However, a petitioner who shows a change of circumstances, including a new constitutional mandate or a change in the law, is permitted to file a successive petition and the Virginia Supreme Court is required by its own reasoning to consider the petition. In this case the petitioner is alleging in his state petition that just such a new constitutional mandate or change in the law has occurred.

---

**1.** 28 U.S.C. § 2254 states: (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

**2.** *Stringer v. Black,* —— U.S. ——, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992); *Sochor v. Florida,* —— U.S. ——, 112 S.Ct. 2114, 119 L.Ed.2d 326

(1992); *Shell v. Mississippi,* 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990); *Walton v. Arizona,* 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990).

**3.** At oral argument, petitioner equivocated and took the position that there was no new rule of law pronounced in the four cases relied upon, but that the application of the rule of law to four different statutory formulations or instruction situations in those four cases would be instructive to this Court at this time. The fallacy in that position is that a court superior to this Court, the United States Court of Appeals for the Fourth Circuit, has declared that under the statutory formulation and instruction situation of this case, the Virginia Supreme Court properly applied the *Godfrey* standard. This Court has no authority to overrule that decision of the Fourth Circuit. *See Stamper v. Baskerville,* 724 F.2d 1106, 1107 (4th Cir.1984).

Therefore, the Virginia state system provides a right to raise the same claim that petitioner presents to this court in his Rule 60(b) motion.

The United States Supreme Court has repeatedly held and 28 U.S.C. § 2254(b) and (c) require that federal courts not address a habeas corpus claim until the claim has been exhausted in the state system.

The most recent pronouncement on this issue from the Supreme Court states:

> The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court. Comity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claim on the merits. *Cf. Picard v. Connor,* 404 U.S. 270, 275, [92 S.Ct. 509, 512, 30 L.Ed.2d 438] (1971).

*Keeney v. Tamayo–Reyes,* —— U.S. ——, ——, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992).

■ In this case petitioner is requesting that the Virginia Supreme Court and this Court concurrently examine the effect of four recent Supreme Court cases as they apply to the Virginia death penalty statute. The doctrine of exhaustion requires that this Court not consider the issue raised in the Rule 60(b) motion until the petitioner has exhausted all available state remedies. Therefore, petitioner's Motion Pursuant to Rule 60(b) for Relief From Judgment is DENIED.

## II. "Vileness" Aggravating Circumstance

The petitioner has advised the Court in his Motion for Expedited Consideration and for Stay of Execution that if the Court denies the Motion for Relief from Judgment that he intends to appeal that denial. In the interest of judicial economy and in view of the fact that this motion was filed only 26 days before the scheduled execution date and oral argument held only seven days prior to the scheduled execution date, the Court will address petitioner's constitutional claim raised in his Rule 60(b) motion.

It is within the scope of Rule 60(b) to provide relief from any final judgment, including a previously-denied petition for habeas corpus. Rule 60(b) "is intended to be a means for accomplishing justice in exceptional situations; and, so confined, does not violate the principle of finality of judgment." 7 Moore's Federal Practice (2d ed.) 60–274 (1992). Moreover, the utility of Rule 60(b) is constrained to provide relief "only upon an adequate showing of exceptional circumstances." *United States v. Young,* 806 F.2d 805, 806 (8th Cir.1986) (per curiam), *cert. denied* 484 U.S. 836, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987).

■ A clear and authoritative change in the law controlling a petitioner's case may create an "extraordinary circumstance" and permit this court to grant relief. The case law relied upon by petitioner Jones neither taints the legitimacy of his sentence nor creates the requisite extraordinary circumstance. Other courts' discussion of the "vileness" aggravating factor in Virginia's capital punishment statute comport with the law presently espoused by the United States Supreme Court. *See Jones v. Murray,* 947 F.2d 1106, 1116–1119 (4th Cir. 1991); *Jones v. Commonwealth,* 228 Va. at 446, 323 S.E.2d at 564–65; *see also Boggs v. Bair,* 892 F.2d 1193, 1197 (4th Cir.1989), *cert. denied,* 495 U.S. 940, 110 S.Ct. 2193, 109 L.Ed.2d 521 (1990).

■ Although petitioner today moves under the procedural rubric of Rule 60(b), the substance of his claim—the constitutionality of Virginia's capital sentencing scheme—has been litigated, evaluated, and affirmed in several different forums. *See Jones v. Murray,* 947 F.2d 1106 (4th Cir. 1991); *Jones v. Commonwealth,* 228 Va. 427, 323 S.E.2d. 554 (1987). Jones' claim raises no new or colorable issues; as such, it is the functional equivalent of a "succes-

sive petition" for habeas corpus within the meaning of Rule 9(b). *See Bannister v. Armontrout,* 1992 U.S.Dist. LEXIS 7335 at 7 (W.D.Mo., April 30, 1992). Thus, despite its change in procedural form, Jones' claim implicates Rule 9(b) of the Rules governing 2254 cases, which provides:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

28 U.S.C. § 2254, Rule 9(b), Rules governing § 2254 Cases in the United States District Courts. In *Bannister,* the District Court analyzed petitioner's Rule 59(e) and Rule 60(b) claims in light of *McCleskey v. Zant,* — U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), and found that "assertion of his new claim in the Motion to Amend or Alter the Judgment is an abuse of the writ." *Id.; see also Kelly v. Cowley,* 940 F.2d 1538 (10th Cir.1991) (unpublished) (Petitioner's use of Rule 60(b) is "a transparent attempt to circumvent the law with respect to successive and abusive habeas petitions.") Petitioner Jones' motion under Rule 60(b) in this case is similarly a thinly-veiled attempt to avoid the abuse of the writ bar.

■ The Supreme Court recently placed limits on the feasibility of successive and abusive writs of habeas corpus:

"If federal habeas review of capital sentences is to be at all rational, petitioner must show something more in order for a court to reach the merits of his claims on a successive habeas petition than he would have had to show to obtain relief on his first habeas petition."

*Sawyer v. Whitley,* — U.S. ——, ——, 112 S.Ct. 2514, 2522, 120 L.Ed.2d 269 (1992). Successive claims are barred unless the petitioner can establish "that a fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey,* — U.S. at ——, 111 S.Ct. at 1470. The "fundamental miscarriage of justice"

exception to the bar against successive and abusive claims is very narrow and permits such claims to be heard only if the petitioner "establish[es] that under the probative evidence he has a colorable claim of factual innocence." *Sawyer,* — U.S. at ——, 112 S.Ct. at 2519 (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)).

■ At sentencing, in order to find that a defendant is "innocent of the death penalty," the focus is only on "those elements which render a defendant eligible for the death penalty." *Sawyer,* — U.S. at ——, 112 S.Ct. at 2523. This includes a showing either of innocence of the capital crime itself or of the absence of any aggravating circumstances. *Id.* — U.S. at ——, 112 S.Ct. at 2522. Thus, a significant change in the law affecting the constitutionality of Virginia's capital sentencing scheme might permit the Court to conclude that petitioner is "actually innocent" of the death penalty and justify the court's entertaining petitioner's Rule 60(b) motion. After considering petitioner's duplicative claims in the context of the purportedly "new precedents," however, the Court finds that the present motion is unwarranted. In fact, the case law cited by petitioner does nothing to advance his cause.

■ The constitutionality of the "vileness" criterion of Virginia's capital sentencing procedure lies at the core of petitioner's motion. Jones asserts that his sentence has been evaluated under standards inconsistent with the new clarification provided by the Supreme Court. (Petitioner's Memorandum at 5). There is nothing novel in the current case law, however, which compels this court to revisit his claim.

The recent cases involving states' capital sentencing schemes have relied on the principles announced in *Godfrey v. Georgia,* 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980). In *Godfrey,* the Court invalidated a death sentence based upon the aggravating circumstance that the killing was "outrageously or wantonly vile, horrible and inhuman." *Id.* at 428–29, 100 S.Ct. at 1764–65. The Court subsequently announced that states must give a sentencing body "some

guidance" when using terms such as "vile." *Id.* The *Godfrey* standard has been applied throughout these proceedings and has remained unchanged by the current Supreme Court. Both federal and state courts have evaluated Jones' claim under *Godfrey* and rejected it. *See Jones v. Murray,* 947 F.2d at 1116–19; *Jones v. Commonwealth,* 228 Va. at 445–49, 323 S.E.2d at 563–66.

■ Despite petitioner's contention, neither *Stringer, Sochor, Shell,* nor *Walton* alters the *Godfrey* standard. These applied *Godfrey* to the capital sentencing schemes in Mississippi, Florida, and Arizona, which are "weighing" states; that is, the sentencing judge or jury are required to weigh mitigating factors against aggravating factors. The Court seemed especially concerned with the weighing aspect of the sentencing process and ruled any one invalid factor infects the entire process. In a non-weighing state such as Virginia, a sentencing scheme comports with the constitutional requirements as long as at least one aggravating factor is valid. *Stringer,* —— U.S. at ——, 112 S.Ct. at 1137. An aggravating factor violates the Eighth Amendment if its description is so vague as to leave the sentencer without sufficient guidance for determining the presence or absence of one factor. *Espinosa v. Florida,* —— U.S. ——, ——, 112 S.Ct. 2926, 2928, 120 L.Ed.2d 854 (1992); *Stringer,* —— U.S. at ——, 112 S.Ct. at 1135.

In *Stringer,* the Court applied the *Godfrey* principles and held that post-*Godfrey* cases dealing with the "vileness" criterion of a capital sentencing scheme did not announce "new rules." —— U.S. at ——–——, 112 S.Ct. at 1135–36. Since the courts which have reviewed the substance of Jones' claim employed *Godfrey, Stringer* provides no basis for revisiting petitioner's claim.

In *Sochor v. Florida,* the Court suggested that an aggravating factor such as "vileness," when cast in general terms, may be unconstitutionally vague. —— U.S. at ——, 112 S.Ct. at 2119. Significantly, the Court stated that there must be "some guidance" for the sentencing body to employ such a term. The purpose of this required "guidance" is "to permit the sentencer to make a principled distinction between those who deserve the death penalty and those who do not." *Lewis v. Jeffers,* 497 U.S. 764, 769, 110 S.Ct. 3092, 3099, 111 L.Ed.2d 606 (1990). Based on the principles in *Godfrey, Sochor* held that Florida's "heinousness" criterion was constitutional as long as the sentencing body received a limiting instruction on the meaning of this term. —— U.S. at ——–——, 112 S.Ct. at 2121–22. Similarly, in *Walton v. Arizona,* the Court upheld Arizona's facially vague "heinousness" factor since the Arizona courts had consistently applied a limiting construction which adequately distinguished the death sentence from those murder cases where the death penalty could not be imposed. 497 U.S. 639, 647, 110 S.Ct. 3047, 3057–58 (1990). In their substantive analysis of the case now before this Court, the courts have considered the sufficiency of Virginia's limiting instruction and affirmed its constitutionality. *See Jones v. Murray,* 947 F.2d at 1116–19; *Jones v. Commonwealth,* 228 Va. at 445–449, 323 S.E.2d at 563–566.

In *Shell v. Mississippi* the Court discussed the parameters of a constitutionally-infirm limiting instruction. 111 S.Ct. 313 (1990). The Court held that:

"a limiting instruction can be used to give content to a statutory factor that 'is itself too vague to provide any guidance to the sentencer' only if the limiting instruction's own 'definitions are constitutionally sufficient,' that is, only if the limiting instruction itself 'provides some guidance to the sentencer.'"

498 U.S. at 2, 111 S.Ct. at 314 (quoting *Walton v. Arizona,* 497 U.S. at 647, 110 S.Ct. at 3057.) The essence of the opinion focused on the amount of guidance the sentencer received. The Court announced no new litmus test by which another sentencing scheme should be measured. Like the previous courts evaluating Jones' claim, *Shell* relied on the long-standing principles espoused in *Godfrey.*

It is well-settled that "there are many constitutionally permissible ways in which States may choose to allocate capital-sentencing authority." *Espinosa,* —— U.S. at ——, 112 S.Ct. at 2929; *Baldwin v. Alabama,* 472 U.S. 372, 389, 105 S.Ct. 2727, 2736, 86 L.Ed.2d 300 (1985); *Spaziano v.*

*Florida,* 468 U.S. 447, 464, 104 S.Ct. 3154, 3164, 82 L.Ed.2d 340 (1984). The most recent cases concerning capital sentencing schemes build upon this and the reasoning in *Godfrey.* As such, there is no significant change in the law or other extraordinary circumstances upon which a Rule 60(b) motion can be based. Furthermore, petitioner cannot assert "factual innocence" as a basis for his claim. The well-developed record and fact-finding in other courts clearly establish the contrary.

Therefore, petitioner's Motion Pursuant to Rule 60(b) for Relief From Judgment is DENIED.

III. Timeliness of Petitioner's Motion

In view of the Court's decision as set out in Parts I and II of this opinion, the Court finds it is unnecessary to consider the respondent's assertion that petitioner's motion is untimely and that the respondent would be prejudiced.

### Conclusion

It is therefore ORDERED that petitioner's motion be DISMISSED and his motion for stay of execution DENIED.

IT IS SO ORDERED.