Willie LeRoy JONES, Petitioner–Appellant,

v.

Edward W. MURRAY, Director of the Virginia Department of Corrections, Respondent–Appellee.

Virginia Trial Lawyers Association, Amicus Curiae.*

No. 92–4009.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 11, 1992.

Decided Sept. 11, 1992.

Certiorari Denied Sept. 15, 1992.

See 113 S.Ct. 27.

Alan William Clarke, argued, Clarke & Clarke, Kilmarnock, Va., Gary S. Guzy, Washington, D.C., argued, for petitioner-appellant.

Robert B. Condon, Asst. Atty. Gen., Office of the Attorney General, Richmond, Va., argued (Mary Sue Terry, Atty. Gen., on brief), for respondent-appellee.

Christopher A. Meyer, argued, Virginia Trial Lawyers Ass'n, and Timothy M. Kaine, Mezzullo & McCandlish, Richmond, Va., argued, for amicus curiae.

Before ERVIN, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.

## OPINION

WIDENER, Circuit Judge:

Willie LeRoy Jones appeals to this court the decision of the district court denying his motion for a stay of execution and his Rule 60(b) motion to set aside the district court's earlier judgment denying him a writ of habeas corpus. Jones seeks review of

the decision denying him a writ of habeas corpus. He argues that as a result of a series of recent Supreme Court cases Virginia's death penalty statute is unconstitutional and attacks the constitutionality of the statute on a number of grounds. He has raised these claims in one form or another throughout his appeals. Jones therefore admits that he is not asserting any new claims. Brief of Appellant at 3. After a careful review of Jones's claims and the cases on which he relies, we hold that Virginia's death penalty statute is constitutional and therefore affirm the district court's denial of Jones's Rule 60(b) motion and his motion for a stay of execution.

## I.

In January 1984, Jones was sentenced to death following convictions on two counts of capital murder in Virginia. *Jones v. Commonwealth*, 228 Va. 427, 323 S.E.2d 554, 557 (1984), *cert. denied*, 472 U.S. 1012, 105 S.Ct. 2713, 86 L.Ed.2d 728 (1985). He was found to have murdered an elderly couple and incinerated them in the course of a robbery. The horrible details are recited in the Virginia report and in our previous decision at 947 F.2d 1106. Because petitioner had no prior criminal record, the prosecutor did not argue future dangerousness. Jones was sentenced on the basis of the sole aggravating factor that his conduct in each murder was "outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind or an aggravated battery to the victim," as provided for in Virginia's capital punishment statute, Va.Code Ann. § 19.2–264.2. *Jones*, 323 S.E.2d at 564.

The conviction and sentences of death were upheld on appeal to the Virginia Supreme Court. *Jones*, 323 S.E.2d at 554. The United States Supreme Court denied review of that opinion. 472 U.S. 1012, 105 S.Ct. 2713, 86 L.Ed.2d 728 (1985). Jones then filed a Petition for a Writ of Habeas Corpus in the Virginia state courts. A plenary hearing was held by the Circuit Court of York County, Virginia, on April 22, 1986. Final order denying the petition in full was entered on September 9, 1986.

An appeal to the Virginia Court was denied on June 15, 1987. *Jones v. Bair*, No. 86–1152 (June 15, 1987). The United States Supreme Court denied certiorari on November 19, 1987. *Jones v. Bair*, 484 U.S. 959, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987).

Jones then filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of Virginia. The Commonwealth moved to dismiss the petition and petitioner opposed its motion. The matter was referred to a Magistrate, who issued his Report and Recommendation on April 7, 1989. The parties objected to different portions of that report. The district court issued a final order dismissing the petition on January 4, 1990. Jones filed a motion pursuant to Fed. R.Civ.P. 59(e) to Alter or Amend the Judgment on January 10, 1990. That motion was denied by Order of April 9, 1990.

Jones filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit on May 4, 1990. After briefing and oral argument on December 1, 1990, we affirmed the judgment of the district court on October 1, 1991. *Jones v. Murray*, 947 F.2d 1106 (4th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1591, 118 L.Ed.2d 308 (1992). He then filed a petition for rehearing with suggestion for rehearing *en banc*. We denied this petition on November 5, 1991. Jones then applied to the United States Supreme Court for a writ of certiorari. That petition was denied on April 6, 1992, —— U.S. ——, 112 S.Ct. 1591, 118 L.Ed.2d 308 (1992), and a petition for rehearing was denied on May 26, 1992. —— U.S. ——, 112 S.Ct. 2295, 119 L.Ed.2d 219 (1992).

On June 2, 1992, the York County Circuit Court held a hearing for the setting of an execution date. By an order dated June 9, 1992, the circuit court scheduled Jones's execution for September 15, 1992.

On August 10, 1992, Jones filed a second state habeas petition in the Circuit Court of York County, once again raising his claim that Virginia's vileness aggravating circumstance has been applied to him in an unconstitutionally vague manner. According to Jones, recent decisions of the United

States Supreme Court, *Stringer v. Black*, —— U.S. ——, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992), and *Sochor v. Florida*, —— U.S. ——, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992), justified relitigation of his claim.

The Commonwealth filed a motion to dismiss on August 24, 1992, and the circuit court heard oral argument on August 27, 1992. On that same date, the circuit court dismissed the successive petition, finding that relitigation of the claim was procedurally barred under state law and that Jones, in any event, had failed to show that the Supreme Court cases upon which he relied warranted the extraordinary relief he sought.

Although the circuit court dismissed his successive petition on August 27th, Jones did not file an appeal in the Virginia Supreme Court until September 8, 1992. The Supreme Court of Virginia promptly requested the respondent to reply within three days, and granted Jones's request for oral argument, now scheduled for September 14, 1992.

On August 20, 1992, Jones filed a motion under Rule 60(b), Fed.R.Civ.P., in the United States District Court in Norfolk in which he raised the same claim he raised in state court. He also asked for a stay of execution.

On September 8, 1992, however, the district court denied Jones's motion because he had not exhausted his available state remedies given the pendency of his appeal to the Virginia Supreme Court. The court also denied his request for a stay of execution because it found Jones's constitutional challenge to the vileness criterion to be both procedurally barred and without merit as a matter of law.

## II.

Jones's Rule 60(b) motion is rather unusual. It raises exactly the same grounds as his prior federal habeas petition, and the types of relief it seeks are those ordinarily sought in habeas petitions.

## A.

■ We first assume that the papers are a petition for habeas corpus under 28 U.S.C. § 2254.

Section 2254(b) requires that a petitioner who seeks habeas corpus relief must first exhaust his state court remedies before applying to the federal courts for relief. Jones has not done so here. He appealed the York County Circuit Court's denial of his habeas petition to the Virginia Supreme Court on September 8, 1992. We have been informed that oral argument is scheduled before the court on September 14, 1992. Thus, petitioner has not exhausted his state court remedies within the meaning of section 2254(b).

Further, we note that there are no extraordinary circumstances in this case that would entitle Jones to be excused from the exhaustion requirement. Although petitioner cites his imminent execution date, he fails to adequately explain his delay in filing his second state habeas petition. Jones's execution date was set by the York County Circuit Court on June 9, 1992. However, Jones did not file his second state habeas petition until August 10, 1992, a delay of two full months. The United States Supreme Court had denied Jones's petition for a writ of certiorari on April 6, 1992. —— U.S. ——, 112 S.Ct. 1591, 118 L.Ed.2d 308 (1992). A principal case on which Jones relies, *Stringer v. Black*, —— U.S. ——, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992), had been decided on March 9, 1992, *before* the Supreme Court denied certiorari.[1] The second case on which Jones relies, *Sochor v. Florida*, —— U.S. ——, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992), was decided on June 8, 1992, the day before his execution date was set. All of the cases on which Jones relies were decided at least two full months before he filed his second state habeas petition. This is yet another example of a petitioner who has waited until the eve of his execution to file a habeas corpus petition without a justifiable

---

1. Petitioner called the case to the attention of the Supreme Court in post-petition correspon-

dence.

excuse for the delay, and we should not excuse such a petitioner from the section 2254(b) exhaustion requirement. We are of opinion that the district court was correct in denying Jones's motion for failure to exhaust his state remedies. See *Jones*, slip op. at 4–7.

### B.

█ We next consider the papers as a successive habeas petition. See *Jones*, slip op. at 8–10. Jones admits in his brief that he is raising exactly the same constitutional challenges that he has raised in his prior habeas petitions. Brief of Appellant at 3. The Supreme Court recently established that before a reviewing court can reach the merits of a successive habeas petition, it must find "by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Sawyer v. Whitley*, ── U.S. ──, ──, 112 S.Ct. 2514, 2517, 120 L.Ed.2d 269 (1992). The constitutional error Jones alleges is that the vileness factor in Virginia's death penalty statute, as limited by the trial court judge's instructions, is unconstitutionally vague. Even if true, Jones's argument does not establish that no reasonable juror would have found him eligible for the death penalty. Under any conceivable construction of the statutory terms "aggravated battery" and "depravity of mind," it is apparent that Jones would not be able to prove by clear and convincing evidence that no reasonable juror would find him eligible for the death penalty. Therefore, we cannot reach the merits of Jones's habeas petition as a successive petition which might be considered on its merits because he has not met the standard set forth in *Sawyer*. Accordingly, we affirm the district court's denial of Jones's motion because it is a successive habeas petition that cannot be addressed on the merits. See *Jones*, slip op. at 8–10.

**2.** At oral argument counsel stated the reliance was on 60(b)(6).

**3.** Jones's counsel argued at oral argument that although the cases were a change in the law that

### III.

Neither party argues that the new cases on which Jones relies create a new rule that cannot be applied retroactively in a collateral review of Jones's death sentence. *Cf. Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (prohibiting retroactive application on collateral review of cases that announce new rules). Both sides agree that these cases are firmly grounded in *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980) (plurality opinion). See *Stringer v. Black*, ── U.S. ──, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992) (holding that application of *Godfrey* rules to weighing statute was not a new rule). Therefore, there is no procedural bar under *Teague* to the application of the new cases on which Jones relies.

### IV.

█ We next assume that the papers are a legitimate Rule 60(b)(6) motion addressing the final judgment of the district court in the case we previously reviewed at 947 F.2d at 1106.

> Rule 60(b) provides:
>
> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.[2]

Fed.R.Civ.P. 60(b). Jones argues that the reason that justifies relief in his case is that the cases on which he relies effect a change in the law that entitles him to relief.[3]

In a habeas corpus case in which the State of Maryland petitioned this court for relief under Rule 60(b) because of a change in the law, we held *en banc* that a change in the law was an insufficient basis for relief under Rule 60(b) under the facts of that case. *Hall v. Warden*, 364 F.2d 495 (4th Cir.1966) (en banc). We left open the

entitled him to relief under Rule 60(b)(6), the cases were not a "new rule" within the meaning of *Teague*. See Part III, *supra*.

question of whether a prisoner who seeks federal habeas relief can rely on a change in the law as a basis for relief under Rule 60(b)(6). Without deciding the issue, we will assume for purposes of this case that a prisoner under a sentence of death would be able to use a change in the law as a basis for relief under Rule 60(b)(6). As set forth in detail below, we are of opinion that the cases on which Jones relies do not effect a change in the law, so *Hall* would not control the outcome in this case in any event. We therefore proceed to the merits of Jones's Rule 60(b) motion.

### *Vagueness Claim*

■ Jones argues that the vileness factor of Virginia's death penalty statute is unconstitutionally vague as applied to him.[4] Section 19.2–264.2 of the Virginia Code prohibits the imposition of the death penalty unless the court or jury finds that the defendant's "conduct for which he stands charged was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind or an aggravated battery to the victim." Va.Code Ann. § 19.2–264.2. The Supreme Court of Virginia has construed aggravated battery to mean "a battery which, qualitatively and quantitatively, is more culpable than the minimum necessary to accomplish an act of murder." *Smith v. Commonwealth*, 219 Va. 455, 248 S.E.2d 135, 139 (1978), *cert. denied*, 441 U.S. 967, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979). In *Smith* the Virginia Supreme Court also construed depravity of mind to mean "a degree of psychical debasement surpassing that inherent in the definition of ordinary legal malice and premeditation." 248 S.E.2d at 149. The jury in Jones's case was given these limiting instructions at Jones's request.

Jones argues that the United States Supreme Court's decision in *Shell v. Mississippi*, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) (per curiam), requires that the limiting instructions given in this case be held unconstitutionally vague. We addressed this same argument in our earlier opinion in this matter, but not *Shell* explicitly, and held that the depravity of mind and aggravated battery limiting instructions were constitutional and rejected counsel's arguments. 947 F.2d at 1118–19. The *Shell* decision stands for the proposition that when limiting instructions are used to cure a defect in a facially vague statute, the instructions must meet the specificity requirements of *Godfrey*. The instructions at issue in *Shell* consisted of nothing more than paraphrased dictionary definitions of heinous, atrocious, and cruel.[5] See *Webster's Third New International Dictionary* (1971). They did not limit those who might be included as the persons sought to be punished under the statute. See *Shell*, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990); see also *Shell*, (Justice Marshall concurring) (text in Westlaw). Under the *Godfrey* standard, for the sentencer to be adequately guided there must be a "principled way to distinguish [a] case[ ] in which the death penalty was imposed[ ] from the many cases in which it [is] not." *Godfrey*, 446 U.S. at 433, 100 S.Ct. at 1767. The Virginia limiting instructions for the two factors at issue here, aggravated battery and depravity of mind, make clear that something other than those factors that a juror might expect to find present in an ordinary murder must be present. Thus, the Supreme Court's concern in *Godfrey* that a juror of ordinary sensibility would find that *any* murder involved depravity of mind is not present here. The instructions clearly direct the jury away from that re-

---

**4.** In his federal habeas petition Jones attacked the depravity of mind factor as unconstitutional on its face. This court rejected that argument, *Jones v. Murray*, 947 F.2d 1106, 1119 (4th Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1591, 118 L.Ed.2d 308 (1992), and Jones has not pressed that claim in his Rule 60(b) motion.

**5.** Specifically, the instructions at issue in *Shell* attempted to limit "especially heinous, atrocious or cruel" as follows:

"[T]he word heinous means extremely wicked or shockingly evil; atrocious means outrageously wicked and vile; and cruel means to inflict a high degree of pain with indifference to, or even enjoyment of the suffering of others."

*Shell*, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) (Marshall, J. concurring) (text in Westlaw).

sult by requiring that something extra be present, *i.e.,* either force greater "than the minimum necessary to accomplish an act of murder" or "a degree of psychical debasement surpassing that inherent in the definition of ordinary legal malice and premeditation." We therefore conclude again that the limiting instructions given in Jones's trial were specific and provided adequate guidance to the jury. See 947 F.2d at 1119.

### Improper Appellate Review Claim

■ Jones also argues that Virginia's death penalty statute is unconstitutional because it is phrased in the disjunctive. Thus, it is argued, the jury does not unanimously have to find one factor on which to rest its death sentence. However, in Virginia the determination as to which factor or factors the jury used can be made by a reviewing court. See 947 F.2d at 1116–17 (citing *Coleman v. Thompson,* 895 F.2d 139 (4th Cir.1990), *aff'd on other grounds,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Here, the Virginia Supreme Court found that Jones's sentences were based on the depravity of mind factor for the murder of Mr. Adkins and the depravity of mind and aggravated battery factors for Mrs. Adkins. Jones argues that a reviewing court's fact-finding is insufficient and that the determination of which factors the jury used must be made by the jury at sentencing. The Supreme Court has twice rejected similar arguments. In *Clemons v. Mississippi,* 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), the Court stated that "[a]ny argument that the Constitution requires that a jury impose the sentence of death or make the findings prerequisite to imposition of such a sentence has been soundly rejected by prior decisions of this Court." *Clemons,* 494 U.S. at 745, 110 S.Ct. at 1446. Similarly, in *Walton v. Arizona,* 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990), the Court rejected the petitioner's argument that a system in which the jury determines guilt and the judge imposes the sentence would be constitutional only if the jury decides which aggravating and mitigating factors are present in the case. *Walton,* 497 U.S. at ——, 110 S.Ct. at 3053.

Of like effect are *Cabana v. Bullock,* 474 U.S. 376, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986) and *Hildwin v. Florida,* 490 U.S. 638, 109 S.Ct. 2055, 104 L.Ed.2d 728 (1989) (per curiam).

Jones argues, however, that *Stringer* and *Sochor* implicitly overrule these precedents and require that the jury must unanimously determine at sentencing the aggravating factors on which its sentence is based. We do not find that directive in either *Sochor* or *Stringer.* Indeed, the *Sochor* Court found that a reviewing court could cure errors in the weighing process that result from the weighing of an unconstitutional aggravating factor if the reviewing court undertakes an explicit harmless-error analysis which finds that the error was harmless beyond a reasonable doubt. The *Stringer* Court similarly required close appellate review when, under a weighing statutory scheme, there is the possibility that an impermissible aggravating circumstance may have infected the sentencing process. These holdings, however, cannot be said, as Jones contends, to have prohibited the finding by an appellate court of whether an aggravating factor has been proved. Rather, these opinions set forth the standard of review to be followed in States in which there is a weighing scheme, not that the absence of a weighing scheme under Virginia law has any effect one way or the other on our opinion.

A main flaw in each of Jones's arguments is that it assumes the unconstitutionality of Virginia's statute. Jones argues that Virginia's death penalty statute is unconstitutional because he claims that *Stringer* and *Sochor* are a flat prohibition on vague aggravating factors. Similarly, in order to invoke the scrutiny required of a reviewing court's decision under the *Stringer* and *Sochor* cases, some unconstitutional factor must have been weighed in the sentencing process. Yet Jones has been unable, first on review of his habeas petition and now on review of his Rule 60(b) motion, to show that Virginia's death penalty statute, given its limiting constructions, contains an unconstitutionally vague aggravating factor. We are thus of opin-

ion that *Stringer, Sochor,* and *Shell* do not aid Jones in his cause.

There being no changes in the law with respect to the Virginia instructions, it was not error to refuse relief under Rule 60(b)(6) even if available.

Our mandate will issue forthwith.

The judgment of the district court denying habeas corpus relief to Jones, under Rule 60(b) or otherwise, is accordingly

AFFIRMED.