# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-KA-00561-SCT

*PATRICK MAGEE, a/k/a PATRICK O'BRIEN MAGEE*
*AND JIMMY EARL WALKER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/07/97 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | TOM SUMRALL |
| | WADE M. BAINE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/20/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/10/98 |

**BEFORE SULLIVAN, P.J., McRAE AND SMITH, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. Patrick Magee and Jimmy Walker appeal their convictions and sentences for the armed robbery and kidnapping of Amy Lynn Mitchell after a trial in the Circuit Court of Harrison County, on March 5-7, 1997. As their sole assignment of error, they contend that the circuit court erred in overruling their *Batson* challenges to the prosecution's peremptory strikes of two black jurors. Finding no merit to their claim, we affirm the orders of the circuit court.

I.

¶2. Mitchell testified at trial that on November 28, 1995, while she was eating in the parking lot of a Taco Bell in Gulfport, Walker walked up to her car and put a gun to her head through the window. At that time, both Magee and Walker got into the car with her, telling her that they were going to let her out "up here." They eventually let her out in Laurel and took her car. Mitchell said that the two never threatened her, nor did they harm her.

¶3. Magee testified that neither he nor Walker committed armed robbery or kidnapping, because Mitchell knew him and they were planning to meet at Taco Bell and run away. He denied that a weapon was used, and stated that Mitchell voluntarily left with them. He stated that Walker was dropped off in Prentiss and that he and Mitchell went to Laurel, where they argued and she got out of the car, while he went back to Prentiss. Walker did not testify.

¶4. The jury returned a guilty verdict on both counts against both defendants. The court sentenced Magee to twelve years on each count, to run consecutively. The court sentenced Walker, as an habitual offender, to twenty five years for armed robbery and twenty years for kidnapping, to run consecutively. The trial court overruled both Magee's and Walker's motions for new trial, and appeal to this Court was timely made.

¶5. Both Magee and Walker raise one issue on appeal. They allege that the court committed error in overruling their **Batson** challenges with respect to jurors Edward Chamberlain, a black male, and Patricia White, a black female.

II.

¶6. On appellate review, the trial court's determinations under **_Batson v. Kentucky_, 476 U.S. 79 (1986),** are accorded great deference because they are based, in a large part, on credibility. **_Coleman v. State_, 697 So. 2d 777, 785 (Miss. 1997)**. "'Great deference' has been defined in the **Batson** context as insulating from appellate reversal any trial findings which are not clearly erroneous." **Lockett v. State**, 517 So. 2d 1346, 1349-50 (Miss. 1987).

¶7. Under **Batson**, a challenge to a peremptory strike requires a three-step process. First, the defendant must establish a prima facie case that race was the criteria for the exercise of the peremptory challenge. **Stewart v. State**, 662 So. 2d 552, 557 (Miss. 1995). To do this, the defendant must show: 1) that he is a member of a "cognizable racial group;" 2) that the prosecutor has exercised peremptory challenges toward the elimination of veniremen of his race; and 3) that facts and circumstances raised an inference that the prosecutor used his peremptory challenges for the purpose of striking minorities. **Conerly v. State**, 544 So. 2d 1370, 1372 (Miss. 1989)(citing **_Batson, 476 U.S. at 96-97_**). Second, should the defendant make such a showing, the striking party then has the burden to state a racially neutral explanation for the challenged strike. **_Batson, 476 U.S. at 97-98_**; **Stewart**, 662 So. 2d at 558. If a racially neutral explanation is offered, the defendant may rebut the explanation. **Bush v. State**, 585 So. 2d 1262, 1268 (Miss. 1991). Finally, the trial court must make a finding of fact to determine if the defendant has proved purposeful discrimination. **_Batson, 476 U.S. at 98_**; **Stewart**, 662 So. 2d at 558. "If the defendant makes no rebuttal the trial judge may base his decision only on the reasons given by the State." **_Coleman, 697 So. 2d at 786_**.

¶8. Both Magee and Walker argue that the court erred in finding that a prima facie case of discrimination had not been established. They argue that because the state offered no race-neutral reason for its peremptory challenges against jurors Chamberlain and White, their rights pursuant to the equal protection clause were violated.

¶9. In **Lockett v. State**, 517 So. 2d 1346, 1356-57 (Miss. 1987), this Court presented a list of reasons accepted as race neutral by other courts throughout the country in an effort to provide guidance to trial judges in this state, including age, demeanor, marital status, single with children, prosecutor

distrusted juror, educational background, employment history, criminal record, young and single, friend charged with crime, unemployed with no roots in community, posture and demeanor indicated juror was hostile to being in court, juror was late, and short term employment. *Davis v. State*, 660 So. 2d 1228, 1242 (Miss. 1995). *See also* **United States v. Forbes**, 816 F.2d 1006, 1010 (5th Cir. 1987)(finding that strike of juror who had two sons in trouble with the law was valid race-neutral reason);**Barnes v. State**, 496 S.E.2d 674, 681 (Ga. 1998)(holding that striking jurors because of family members who had criminal records is a valid race-neutral basis for exercising peremptory strike); **Sanford v. State**, 962 S.W.2d 335, 344 (Ark. 1998) (finding that strike of juror who had been charged with a crime but charge dismissed was valid basis because juror might have animosity toward state). Accordingly, there is good support for saying that striking a juror because of the conviction or charge of a family member is a valid, race-neutral reason to exercise a peremptory strike.

¶10. Disparate treatment of similarly situated jurors can give rise to a finding of pretext. **Davis v. State**, 691 So. 2d 1180, 1181-82 (Fla. Dist. Ct. App. 1997); *see also* **Payton v. Kearse**, 495 S.E.2d 205, 208 (S.C. 1998). The Florida District Court of Appeals in **Davis** noted that:

> . . .where the state accepts three white jurors who have been previously arrested, and then strikes an African-American juror who shares this same characteristic, it would be difficult to accept as a valid race-neutral reason that the juror in question is being stricken because he or she has been previously arrested. Such a situation could reasonably give rise to a finding of pretext in the absence of an explanation as to why white jurors with exactly the same experience would be acceptable.

*Id.* at 1182.

¶11. The State in this case tried to explain away a similar situation. After Magee and Walker raised a **Batson** challenge, the State responded that it struck Chamberlain because he had been charged with a crime in the past and believed that he had been wrongfully charged. The trial court below recognized this explanation as a valid, race-neutral reason. Counsel for Magee argued that another juror, Ginny Hobbs, a white female, also should have been struck because her uncle and brother had been charged with felonies. Magee and Walker also argued that since Patricia White, a black female, was struck from the panel because her brother had been charged with a crime, Hobbs also should have been struck. The State responded by saying that Hobbs's uncle was convicted in federal court, whereas White's brother and Chamberlain had been charged with crimes by the district attorney and might hold some specific animosity towards the State.

¶12. To meet the burden of proving that the striking party exercised its peremptory challenges in a discriminatory manner, the complaining party may employ a comparative analysis of minority and non-minority jurors to show disparate treatment. **Young v. State**, 848 S.W.2d 203, 205-06 (Tex. App. 1992). Utilizing a comparative analysis approach, the defendant in **Young v. State** argued that the prosecutor's striking of a black juror who was related to a person charged with a crime but not a white juror with the same characteristic showed disparate treatment. **Young**, 848 S.W.2d at 209. The Texas Court of Appeals agreed, finding that although striking a juror who is related to a person charged with a crime is a valid race-neutral explanation, the explanation was a pretext. *Id.* Both jurors gave similar answers to the prosecutor's questions about their relatives being charged with a

crime. *Id.* Consequently, the court held that the only difference between the prospective jurors was that one was black and the other was white. *Id.* Based on these facts, the court found that it was left with a definite and firm conviction that the trial court made a mistake in overruling the defendant's *Batson* objection because the facts showed a disparate treatment of these prospective jurors on a racial basis. *Id. See also* **Mayr v. Lott**, 943 S.W.2d 553, 557-58 (Tex. App. 1997)(noting that if left only with evidence that prosecutor struck similarly situated juror based on race alone, then reversal would be warranted).

¶13. Striking a juror because a family member had been convicted or charged is a valid race-neutral reason to exercise a peremptory strike. The State's claim of a qualitative difference between Juror Hobbs and Jurors Chamberlain and White is grounded solely on its belief that Hobbs would not have the same potential for prejudice as Chamberlain and White because her father was convicted in federal, not state, court. Fortunately for the State, under the third prong of *Batson*, this Court must determine whether a mistake was made when the trial court overruled the *Batson* challenge.

¶14. We must evaluate the persuasiveness of the justification offered by the State as well as the actual proof of discrimination by the defendants to determine whether Magee and Walker have carried their burden of proving purposeful discrimination. Magee and Walker correctly assert that since the State gave an explanation for the exercise of its peremptory strikes, the sufficiency of their prima facie showing of discrimination is moot. *Hernandez v. New York*, 500 U.S. 352, 359 (1991); **Mack v. State**, 650 So. 2d 1289, 1298 (Miss. 1994). Nonetheless, this Court will not reverse a trial judge's factual findings relative to a prosecutor's use of peremptory challenges on minority persons unless they appear clearly erroneous or against the overwhelming weight of the evidence. *Stewart*, 662 So. 2d at 558.

III.

¶15. Looking at the record, as we must, in a light most favorable to the State, the prosecution actually exercised peremptory strikes on both white and black jurors for the same reason, it did not exercise its peremptory strikes on only black jurors, and some black jurors served on Magee and Walker's jury. We therefore cannot say that the circuit court clearly erred in overruling the *Batson* challenge. Accordingly, we affirm the judgments of the court below.

¶16. **JIMMY EARL WALKER: CONVICTION OF ARMED ROBBERY AS AN HABITUAL OFFENDER AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND CONVICTION OF KIDNAPPING AS AN HABITUAL OFFENDER AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS FOR A TOTAL OF FORTY-FIVE (45) YEARS AFFIRMED. SENTENCES TO RUN CONSECUTIVELY AND PURSUANT TO § 99-19-87 MCA 1972, AS AMENDED, AND THESE SENTENCES SHALL NOT BE REDUCED OR SUSPENDED NOR SHALL APPELLANT, JIMMY EARL WALKER, BE ELIGIBLE FOR PAROLE OR PROBATION.**

**PATRICK O'BRIEN MAGEE: CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWELVE (12) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND CONVICTION OF KIDNAPPING AND SENTENCE OF TWELVE (12) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF**

**CORRECTIONS FOR A TOTAL OF TWENTY-FOUR (24) YEARS AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**