BANKS, Presiding Justice,
Dissenting:
¶ 20. I respectfully dissent from the majority opinion. Juror Wright-Brewer was peremptorily challenged by the State and stricken from the jury for reasons that other jurors similarly situated were not. In my view, the trial court erred in failing to find that the reasons proffered were pretextual and that the peremptory challenge violated Brewer’s right not to be excluded from jury service because of her race.
¶ 21. Specifically, the State argued that one of its reasons for striking Wrights Brewer was because she had a small child. She did express some concern about her child’s care in her absence. However, two other jurors who expressed similar concerns about their children’s care, Elizabeth Hutchins and Candace McGee, both white females, were not challenged. In fact, Hutchins’s and McGee’s children were of younger ages, sixteen months and three months, respectively. If the State struck Wright-Brewer because of her concern about her absence from her twenty-month-old child, surely the State should have been just as (if not more) concerned about these two new mothers being separated from considerably younger infants.
*523 ¶ 22. Also, the State argued that Wright-Brewer was struck because of her view on the death penalty. Nevertheless, three white prospective jurors were not challenged after expressing their reluctance to impose the death penalty. The colloquy between Lorelei Morgan and the court was as follows:
THE COURT: Yes, ma’am, Ms. Morgan. You do not feel—
MRS. MORGAN: I just don’t know if I can handle all of the details, the gory—
THE COURT: Okay. Do you feel that your emotions would make it impossible for you to be fair and impartial?
MRS. MORGAN: Probably, yes.
Similarly, Carol Ann Short said she would have problems with the death penalty and was not sure she could do it. Moreover, Catherine Oliver expressed concerns about both imposing the death penalty and her child. However, the State did not strike Morgan, Short, or Oliver.
¶ 23. Striking a prospective juror with the same objectionable characteristics as others not struck, when the only significant difference between them is their race, raises an inference that the articulated reason for the strike is a pretext to conceal the real unstated reason for the strike: racial discrimination. “For example, where the state accepts three white jurors who have been previously arrested, and then strikes an African American juror who shares this same characteristic, it would be difficult to accept as a valid race-neutral reason that the juror in question is being stricken because he or she has been previously arrested. Such a situation could reasonably give rise to a finding of pretext in the absence of an explanation as to why white jurors with exactly the same experience would be acceptable.” Davis v. State, 691 So.2d 1180, 1182 (Fla.Dist.Ct.App.1997). This Court has frequently declared that one of the indicia of pretext is disparate treatment, that is, the presence of unchallenged jurors of the opposite race who share the characteristic given as the basis for the challenge. Berry v. State, 728 So.2d 568, 572 (Miss.1999); Henley v. State, 729 So.2d 232, 240 (Miss.1998); Magee v. State, 720 So.2d 186, 189 (Miss.1998); Randall v. State, 716 So.2d 584, 588 (Miss.1998); Mack v. State, 650 So.2d 1289, 1298 (Miss.1994).
¶ 24. Finally, at the Batson hearing on remand, the State added as one of the reasons for striking juror Wright-Brewer that her arms were folded while she looked up at the district attorney under her eyebrows glaring at him during the course of voir dire. The prosecutor stated that he perceived that she was hostile to him and his position “based on her demeanor.” These observations were not noted at the time of challenging juror Wright-Brewer. There was no finding specific finding made by the trial court judge on this additional reason for the strike.
¶ 25. We have held that “it [is] necessary that trial courts make an on-the-record, factual determination, of the merits of the reasons cited by the State for its use of peremptory challenges against potential jurors.” Hatten v. State, 628 So.2d 294, 298 (Miss.1993). The failure to make such on-the-record determinations has been deemed reversible error. Puckett v. State, 737 So.2d 322, 337 (Miss.1999); Bounds v. State, 688 So.2d 1362, 1367 (Miss.1997).
¶ 26. Because, in my view, the State did not sufficiently rebut the prima facie case that it struck juror Wright-Brewer for racially discriminatory reasons, I would reverse the judgment and remand this case for a new trial.

APPENDIX

DEATH CASES AFFIRMED BY THIS COURT

McGilberry v. State, 741 So.2d 894 (Miss.1999).
Puckett v. State, 737 So.2d 322 (Miss.1999).* remanded for Batson hearing.
*524 Manning v. State, 735 So.2d 323 (Miss.1999).* remanded for Batson hearing.
Turner v. State, 732 So.2d 937 (Miss.1999).
Smith v. State, 729 So.2d 1191 (Miss.1998).
Burns v. State, 729 So.2d 203 (Miss.1998).
Jordan v. State, 728 So.2d 1088 (Miss.1998).
Gray v. State, 728 So.2d 36 (Miss.1998).
Manning v. State, 726 So.2d 1152 (Miss.1998).
Woodward v. State, 726 So.2d 524 (Miss.1997).
Bell v. State, 725 So.2d 836 (Miss.1998).
Evans v. State, 725 So.2d 613 (Miss.1997).
Brewer v. State, 725 So.2d 106 (Miss.1998).
Crawford v. State, 716 So.2d 1028 (Miss.1998).
Doss v. State, 709 So.2d 369 (Miss.1996).
Underwood v. State, 708 So.2d 18 (Miss.1998).
Holland v. State, 705 So.2d 307 (Miss.1997).
Wells v. State, 698 So.2d 497 (Miss.1997).
Wilcher v. State, 697 So.2d 1123 (Miss.1997).
Wilcher v. State, 697 So.2d 1087 (Miss.1997).
Wiley v. State, 691 So.2d 959 (Miss.1997).
Brown v. State, 690 So.2d 276 (Miss.1996).
Simon v. State, 688 So.2d 791 (Miss.1997).
Jackson v. State, 684 So.2d 1213 (Miss.1996).
Williams v. State, 684 So.2d 1179 (Miss.1996).
Davis v. State, 684 So.2d 643 (Miss.1996).
Taylor v. State, 682 So.2d 359 (Miss.1996).
Brown v. State, 682 So.2d 340 (Miss.1996).
Blue v. State, 674 So.2d 1184 (Miss.1996).
Holly v. State, 671 So.2d 32 (Miss.1996).
Walker v. State, 671 So.2d 581 (Miss.1995).
Russell v. State, 670 So.2d 816 (Miss.1995).
Ballenger v. State, 667 So.2d 1242 (Miss.1995).
Davis v. State, 660 So.2d 1228 (Miss.1995).
Carr v. State, 655 So.2d 824 (Miss.1995).
Mack v. State, 650 So.2d 1289 (Miss.1994).
Chase v. State, 645 So.2d 829 (Miss.1994).
Foster v. State, 639 So.2d 1263 (Miss.1994).
Conner v. State, 632 So.2d 1239 (Miss.1993).
Hansen v. State, 592 So.2d 114 (Miss.1991).
*Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
Davis v. State, 551 So.2d 165 (Miss.1989).
Minnick v. State, 551 So.2d 77 (Miss.1989).
*Pinkney v. State, 538 So.2d 329 (Miss.1989), Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 *525 (1990) vacating and remanding Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
Woodward v. State, 533 So.2d 418 (Miss.1988).
Nixon v. State, 533 So.2d 1078 (Miss.1987).
Cole v. State, 525 So.2d 365 (Miss.1987).
Lockett v. State, 517 So.2d 1346 (Miss.1987).
Lockett v. State, 517 So.2d 1317 (Miss.1987).
Faraga v. State, 514 So.2d 295 (Miss.1987).
*Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Wiley v. State, 484 So.2d 339 (Miss.1986).
Johnson v. State, 477 So.2d 196 (Miss.1985).
Gray v. State, 472 So.2d 409 (Miss.1985).
Cabello v. State, 471 So.2d 332 (Miss.1985).
Jordan v. State, 464 So.2d 475 (Miss.1985).
Wilcher v. State, 455 So.2d 727 (Miss.1984).
Billiot v. State, 454 So.2d 445 (Miss.1984).
Stringer v. State, 454 So.2d 468 (Miss.1984).
Dufour v. State, 453 So.2d 337 (Miss.1984).
Neal v. State, 451 So.2d 743 (Miss.1984).
Booker v. State, 449 So.2d 209 (Miss.1984).
Wilcher v. State, 448 So.2d 927 (Miss.1984).
Caldwell v. State, 443 So.2d 806 (Miss.1983).
Irving v. State, 441 So.2d 846 (Miss.1983).
Tokman v. State, 435 So.2d 664 (Miss.1983).
Leatherwood v. State, 435 So.2d 645 (Miss.1983).
Hill v. State, 432 So.2d 427 (Miss.1983).
Pruett v. State, 431 So.2d 1101 (Miss.1983).
Gilliard v. State, 428 So.2d 576 (Miss.1983).
Evans v. State, 422 So.2d 737 (Miss.1982).
King v. State, 421 So.2d 1009 (Miss.1982).
Wheat v. State, 420 So.2d 229 (Miss.1982).
Smith v. State, 419 So.2d 563 (Miss.1982).
Johnson v. State, 416 So.2d 383 (Miss.1982).
Edwards v. State, 413 So.2d 1007 (Miss.1982).
Bullock v. State, 391 So.2d 601 (Miss.1980).
Reddix v. State, 381 So.2d 999 (Miss.1980).
Jones v. State, 381 So.2d 983 (Miss.1980).
Culberson v. State, 379 So.2d 499 (Miss.1979).
Gray v. State, 375 So.2d 994 (Miss.1979).
Jordan v. State, 365 So.2d 1198 (Miss.1978).
Voyles v. State, 362 So.2d 1236 (Miss.1978).
Irving v. State, 361 So.2d 1360 (Miss.1978).
*526 Washington v. State, 361 So.2d 61 (Miss.1978).
Bell v. State, 360 So.2d 1206 (Miss.1978).

DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCE PHASE

Edwards v. State, 737 So.2d 275 (Miss.1999).
Smith v. State, 733 So.2d 793 (Miss.1999).
Porter v. State, 732 So.2d 899 (Miss.1999).
Kolberg v. State, 704 So.2d 1307 (Miss.1997).
Snelson v. State, 704 So.2d 452 (Miss.1997).
Fuselier v. State, 702 So.2d 388 (Miss.1997).
Howard v. State, 701 So.2d 274 (Miss.1997).
Lester v. State, 692 So.2d 755 (Miss.1997).
Hunter v. State, 684 So.2d 625 (Miss.1996).
Lanier v. State, 684 So.2d 93 (Miss.1996).
Giles v. State, 650 So.2d 846 (Miss.1995).
Duplantis v. State, 644 So.2d 1235 (Miss.1994).
Harrison v. State, 635 So.2d 894 (Miss.1994).
Butler v. State, 608 So.2d 314 (Miss.1992).
Jenkins v. State, 607 So.2d 1171 (Miss.1992).
Abram v. State, 606 So.2d 1015 (Miss.1992).
Balfour v. State, 598 So.2d 731 (Miss.1992).
Griffin v. State, 557 So.2d 542 (Miss.1990).
Bevill v. State, 556 So.2d 699 (Miss.1990).
West v. State, 553 So.2d 8 (Miss.1989).
Leatherwood v. State, 548 So.2d 389 (Miss.1989).
Mease v. State, 539 So.2d 1324 (Miss.1989).
Houston v. State, 531 So.2d 598 (Miss.1988).
West v. State, 519 So.2d 418 (Miss.1988).
Davis v. State, 512 So.2d 1291 (Miss.1987).
Williamson v. State, 512 So.2d 868 (Miss.1987).
Foster v. State, 508 So.2d 1111 (Miss.1987).
Smith v. State, 499 So.2d 750 (Miss.1986).
West v. State, 485 So.2d 681 (Miss.1985).
Fisher v. State, 481 So.2d 203 (Miss.1985).
Johnson v. State, 476 So.2d 1195 (Miss.1985).
Fuselier v. State, 468 So.2d 45 (Miss.1985).
West v. State, 463 So.2d 1048 (Miss.1985).
Jones v. State, 461 So.2d 686 (Miss.1984).
Moffett v. State, 456 So.2d 714 (Miss.1984).
Lanier v. State, 450 So.2d 69 (Miss.1984).
Laney v. State, 421 So.2d 1216 (Miss.1982).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RESENTENCING TO LIFE IMPRISONMENT

Reddix v. State, 547 So.2d 792 (Miss.1989).
Wheeler v. State, 536 So.2d 1341 (Miss.1988).
*527 White v. State, 532 So.2d 1207 (Miss.1988).
Bullock v. State, 525 So.2d 764 (Miss.1987).
Edwards v. State, 441 So.2d 84 (Miss.1983).
Dycus v. State, 440 So.2d 246 (Miss.1983).
Coleman v. State, 378 So.2d 640 (Miss.1979).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY

Walker v. State, 740 So.2d 873 (Miss.1999).
Watts v. State, 733 So.2d 214 (Miss.1999).
West v. State, 725 So.2d 872 (Miss.1998). Smith v. State, 724 So.2d 280 (Miss.1998).
Berry v. State, 703 So.2d 269 (Miss.1997).
Booker v. State, 699 So.2d 132 (Miss.1997).
Taylor v. State, 672 So.2d 1246 (Miss.1996).
*Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
*Pinkney v. State, 538 So.2d 329 (Miss.1989), Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding, Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
*Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Russell v. State, 607 So.2d 1107 (Miss.1992).
Holland v. State, 587 So.2d 848 (Miss.1991).
Willie v. State, 585 So.2d 660 (Miss.1991).
Ladner v. State, 584 So.2d 743 (Miss.1991).
Mackbee v. State, 575 So.2d 16 (Miss.1990).
Berry v. State, 575 So.2d 1 (Miss.1990).
Turner v. State, 573 So.2d 657 (Miss.1990).
State v. Tokman, 564 So.2d 1339 (Miss.1990).
Johnson v. State, 547 So.2d 59 (Miss.1989).
Williams v. State, 544 So.2d 782 (Miss.1989); sentence aff'd 684 So.2d 1179 (1996). Lanier v. State, 533 So.2d 473 (Miss.1988).
Stringer v. State, 500 So.2d 928 (Miss.1986).
Pinkton v. State, 481 So.2d 306 (Miss.1985).
Mhoon v. State, 464 So.2d 77 (Miss.1985).
Cannaday v. State, 455 So.2d 713 (Miss.1984).
Wiley v. State, 449 So.2d 756 (Miss.1984); resentencing affirmed, Wiley v. State, 484 So.2d 339 (Miss.1986), cert. denied Wiley v. Mississippi 486 U.S. 1036[, 108 S.Ct. 2024, 100 L.Ed.2d 610] (1988); resentencing ordered, Wiley v. State, 635 So.2d 802 (Miss.1993) following writ of ha-beas corpus issued pursuant to Wiley v. *528 Puckett, 969 F.2d 86, 105-106 (5th Cir.1992); resentencing affirmed, Wiley v. State, 95-DP-00149, February 13, 1997 (rehearing pending).
Williams v. State, 445 So.2d 798 (Miss.1984).

 Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

 Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

 Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

 Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.