¶ 1. Jeremy Davis was convicted of aggravated assault on a law-enforcement officer, escape, burglary of a dwelling, and possession of a firearm by a felon. On appeal, his attorney filed a brief under Lindsey v. State, [1] and this Court ordered additional briefing on the defendant'sBatson[2] challenges. Davis and his attorney each filed briefs in which they provided only generalized assertions that the State had violated the Equal Protection Clause by exercising all six of its peremptory strikes against African-American jurors. After reviewing these briefs and the record, we find no error and uphold the trial court's denial of each Batson challenge.
 FACTS ¶ 2. At trial, Davis asserted that the State had engaged in a pattern and practice of excluding African-American jurors by using all six of its peremptory strikes to remove African Americans. In response, the State argued that it had tendered five African-American jurors, one of whom the defendant had struck, three who were on the petit jury, and one who was an alternate.[3] The trial court found no prima facie showing of discrimination, but it permitted the State to offer its explanations for the strikes. The court specifically ruled:
 I do not believe that the defense has made a prima facie showing of . . . or pattern of the State excluding black jurors. However, if you would like to make a record on the ones you did exclude, *Page 770 
I will be glad to hear those reasons. I will leave that up to you.
After the trial court's ruling on the prima facie prong, the defendant offered no rebuttal. The trial court ruled the State had provided race-neutral reasons for the exclusion of the six jurors, but did not make an on-the-record finding as to each challenge. The trial court provided the following explanation of its ruling on the Batson challenges:
 Again, the Court finds that the defendant failed to establish a prima facie pattern on behalf of the State in excluding black jurors. However, even assuming a prima facie showing was made by the defendant, the State has given racially-neutral reasons for the exclusion — for the exclusion of black jurors. A copy of the Juror information Sheet for Juror No. 10, Angelo Jo — or rather, Edward Anthony Nickson, Juror No. 10, will be made part of this record for the purpose, sole purpose, of this hearing.
 DISCUSSION ¶ 3. In Batson v. Kentucky, the United States Supreme Court found that the Equal Protection Clause prohibits a party from exercising peremptory strikes based on race.[4]
This protection extends to the striking of even one juror on account of race.[5] A Batson challenge has three steps:
 (1) the defendant must make out a prima facie case by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose; (2) once the defendant has made out a prima facie case, the burden shifts to the State to explain adequately the racial exclusion by offering permissible, race-neutral justifications for the strikes; and (3) if a race-neutral explanation is tendered, the trial court must then decide whether the opponent of the strike has proved purposeful racial discrimination.[6]
 ¶ 4. Once the State offers a race-neutral explanation and the trial court rules on the ultimate question of purposeful discrimination, the question of whether the defendant made a prima facie showing becomes moot.[7] In this case, the trial court ruled on the ultimate question of purposeful racial discrimination, even though it initially found the defendant had failed to make a primafacie case of discrimination. We will limit our analysis to the second and third steps ofBatson.
 ¶ 5. Under the second step of Batson, the State must offer a race-neutral reason for the strike.[8] A race-neutral reason does not have to be "persuasive, or even plausible; so long as the reasons are not inherently discriminatory."[9] In considering the State's reasons, the trial court necessarily must evaluate the prosecutor's demeanor, as this will be the best evidence of discriminatory intent.[10] *Page 771 
 ¶ 6. In response to the race-neutral reason, the defendant "must be given an opportunity to rebut the reasons offered by the proponent"[11] to show the reasons actually are pretextual. This Court has held the following can be evidence of pretext:
 (1) disparate treatment, that is, the presence of unchallenged jurors of the opposite race who share the characteristic given as the basis for the challenge; (2) the failure to voir dire as to the characteristic cited; . . . (3) the characteristic cited is unrelated to the facts of the case; (4) lack of record support for the stated reason; and (5) group-based traits.[12]
If the defendant fails to rebut the proffered reasons, the trial court must base its decision on the reasons given by the State.[13] As the movant, the defendant has the ultimate burden to establish racial discrimination and must ensure that the appellate record supports its contention of reversible error.[14]
 ¶ 7. This Court reviews the trial court's Batson
ruling "with great deference" and will not reverse unless it is "clearly erroneous or against the overwhelming weight of the evidence."[15] While the trial court; should make on-the-record determinations of race-neutral reasons, this Court will not necessarily reverse and remand for its failure to do so.[16] "[W]here a trial judge fails to elucidate such a specific explanation for each race neutral reason given, we will not remand the case for that Batson-related
purpose alone. This Court is fully capable of balancing theBatson factors in cases[.]"[17] However, the United States Supreme Court has held that when a party offerstwo race-neutral reasons for a peremptory strike,one of which is based on demeanor, the record must support one of the reasons if the trial court denies the challenge without making an on-the-record determination.[18]
Otherwise, the appellate court is unable to discern whether the trial court credited the demeanor-based reason.[19] However, the Supreme Court subsequently rejected the argument thatSnyder requires the trial court to reject a demeanor-based explanation for a peremptory challenge when the court failed to personally observe or recall the juror's demeanor.[20] It also noted that:
 where the explanation for a peremptory challenge is based on a prospective juror's demeanor, the judge should take into account ["`all possible explanatory factors'" and] any observations of the juror that the judge was able to make during the voir dire.
But Batson plainly did not go further and hold that a demeanor-based explanation must be rejected if the judge did not observe or cannot recall the juror's demeanor.[21] *Page 772 
 ¶ 8. With these standards in mind, we turn to the State's arguments before the trial court in support of its peremptory strikes.
Batson Challenges
Leotis Randle Hubbard
 ¶ 9. The State argued that it had tried to strike Hubbard for cause, since it recently had prosecuted Hubbard's granddaughter. The State further argued that, when it had asked the potential jurors during voir dire whether any family member had been prosecuted by the State, Hubbard had failed to respond. Hubbard responded in the affirmative only after the State specifically had questioned Hubbard about her granddaughter's case. The State argued that Hubbard had lied by omission by failing to volunteer that her granddaughter recently had been prosecuted.
Edward Anthony Nickson
 ¶ 10. The State argued that Nickson had failed to fill out his jury questionnaire appropriately. The trial judge made the questionnaire an exhibit to the record. For name, Nickson had listed "Nickson A. Nickson" and had left his birth date blank. He also had marked "married" but had failed to list his spouse. He had listed his employer's name as "Townhouse" but had failed to list his occupation. The State also stated that this juror had seemed "goofy" and "odd."
Jacqueline Sharp McMillan
 ¶ 11. The State asserted that a number of law-enforcement officers had helped it pick the jury, and that the dispatcher of the Aberdeen Police Department was "pretty certain" that some of McMillan's family members had been arrested by the Aberdeen police.
Patrick G. Lockett
 ¶ 12. The State argued that Lockett seemed "hostile" and refused to make eye-contact.
Lois Ann Taylor
 ¶ 13. The State asserted that it had not even realized that Taylor was African American, but it had struck her because an officer had informed it that Taylor's husband had "pretty severe problems" and had been arrested a number of times.
Rachel Marie Moore
 ¶ 14. The State argued that it had learned Moore's brother had been involved in a police shooting.
Analysis of Batson Challenges
 ¶ 15. While not necessarily dispositive, [22] each of the State's reasons has been upheld by this Court as being race-neutral.[23] However, the trial court failed to make on-the-record determinations as to each challenge, and the State offered demeanor-based reasons for striking two jurors, Lockett and Nickson. So we must determine whether the requirements of Snyder have been violated.
 ¶ 16. While the State offered a demeanor-based reason as one of two explanations for striking Juror Nickson, the trial judge himself included the incomplete jury questionnaire as part of the record. Therefore, the record supports the nondemeanor-based, race-neutral reason for Juror Nickson's exclusion. Furthermore, the State *Page 773 
offered only a demeanor-based reason for its strike of Juror Lockett, so the trial court must have credited this race-neutral reason. In accord with Snyder, the record supports the race-neutral reasons offered by the State for its strike of Jurors Lockett and Nickson.
 ¶ 17. Furthermore, "[t]his Court must consider the overall context of the reasons given for peremptory strikes."[24]
Davis failed to meet his burden of proof and persuasion before the trial court and this Court. The record contains no evidence regarding the racial composition of the jury panels or the petit jury that could help determine whether the State's reasons were actually pretextual. And Davis failed to offer any rebuttal to the State's proffered reasons for striking the six jurors. We find nothing in the record which demonstrates that the trial court erred in accepting the State's race-neutral reasons for striking each juror.[25]
 CONCLUSION ¶ 18. We uphold the trial court's denial of Davis'sBatson challenges. Its Batson ruling was not clearly erroneous or against the overwhelming weight of the evidence. Therefore, Davis's conviction and sentence are affirmed.
 ¶ 19. COUNT I: CONVICTION OF AGGRAVATED ASSAULT ON APOLICE OFFICER AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODYOF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AS A HABITUALOFFENDER, AND PAYMENT OF A FINE OF $5,000.00, AFFIRMED. COUNTII: CONVICTION OF ESCAPE AND SENTENCE OF ONE (1) YEAR IN THECUSTODY OF THE MONROE COUNTY SHERIFF, AFFIRMED. COUNT HI:CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OFTWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPIDEPARTMENT OF CORRECTIONS AND PAYMENT OF A FINE OF $10,000.00,AFFIRMED. COUNT IV: CONVICTION OF POSSESSION OF A FIREARM BY ACONVICTED FELON AND SENTENCE OF THREE (3) YEARS IN THE CUSTODYOF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF AFINE OF $5,000.00, AFFIRMED. SENTENCES IN COUNTS I, III AND IVSHALL NOT BE REDUCED OR SUSPENDED AND SHALL BE WITHOUT THEPOSSIBILITY OF PAROLE OR PROBATION. ALL SENTENCES SHALL RUNCONSECUTIVELY.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH AND PIERCE, JJ., CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND CHANDLER, JJ.
[1] In Lindsey v. State, this Court set forth various procedures with which an attorney must comply when he or she represents an indigent criminal defendant and asserts there are no arguable issues for appellate consideration.Lindsey v. State, 939 So.2d 743, 748 (Miss. 2005).
[2] Batson v. Kentucky, 476 U.S. 79, 85-86,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
[3] The record does not show the racial composition of the panels or the petit jury.
[4] Batson, 476 U.S. at 85-86, 106 S.Ct. 1712.Batson has been extended to cover other protected classifications as well as challenges brought by the prosecution. Pitchford v. State, 45 So.3d 216, 225
n. 8 (Miss. 2010).
[5] Snyder v. Louisiana, 552 U.S. 472, 478,128 S.Ct. 1203, 170 L.Ed.2d 175 (2008).
[6] Pruitt v. State, 986 So.2d 940, 942-43 (Miss. 2008) (citing Johnson v. California, 545 U.S. 162,168, 125 S.Ct. 2410, 2416, 162 L.Ed.2d 129, 138 (2005)).
[7] Estate of Jones v. Phillips, 992 So.2d 1131,1143 (Miss. 2008).
[8] Chamberlin v. State, 989 So.2d 320, 337
(Miss. 2008).
[9] Id.
[10] Snyder, 552 U.S. at 477, 128 S.Ct. 1203.
[11] Estate of Jones, 992 So.2d at 1144.
[12] Pruitt, 986 So.2d at 944.
[13] Pitchford v. State, 45 So.3d 216, 227 (Miss. 2010).
[14] See Stewart v. State, 662 So.2d 552, 559 (Miss. 1995).
[15] Estate of Jones, 992 So.2d at 1144.
[16] Burnett v. Fulton, 854 So.2d 1010, 1016
(Miss. 2003) (quoting Gary v. State, 760 So.2d 743, 748
(Miss. 2000)).
[17] Gary, 760 So.2d at 748.
[18] Snyder, 552 U.S. at 479, 485,128 S.Ct. 1203.
[19] Id.
[20] Thaler v. Haynes, ___ U.S. ___, ___,130 S.Ct. 1171, 1174, 175 L.Ed.2d 1003 (2010).
[21] Id. (quoting Batson, 476 U.S. at 95,106 S.Ct. 1712).
[22] Pruitt, 986 So.2d at 945 (cautioning that reasons found to be race-neutral in one case do not automatically render them race-neutral in any other case).
[23] Gary v. State, 760 So.2d 743, 749 (Miss. 2000) (failure to complete jury questionnaire and failure to disclose information); Magee v. State, 720 So.2d 186, 188-89
(Miss. 1998) (family member charged or convicted with a crime);Woodward v. State, 726 So.2d 524, 531 (Miss. 1997) (demeanor-based reason of hostility); Harper v. State,635 So.2d 864, 868 (Miss. 1994) (demeanor-based reason of lack of eye-contact).
[24] Burnett v. Fulton, 854 So.2d 1010, 1015
(Miss. 2003).
[25] Pitchford v. State, 45 So.3d 216, 228 n. 17 (Miss. 2010) (noting that trial court reviews totality of circumstances, but this does not include those circumstances, facts, and arguments that the defendant fails to assert).